T.C. Memo. 2008-194


UNITED STATES TAX COURT


TIM WALKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1949-07.                    Filed August 18, 2008.


Tim Walker, pro se.

<u>John D. Davis</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  Respondent determined a deficiency of $1,800 in petitioner's Federal income tax for 2005.  The issue for decision is whether petitioner is entitled to a dependency exemption deduction and a child tax credit for the year in issue.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Washington at the time that his petition was filed.

Petitioner has two daughters, both of whom lived with their mother, and not petitioner, in 2005. An order of child support, dated April 20, 1995, provides that petitioner is to claim one daughter, A, for Federal income tax purposes, and the mother is to claim the other daughter, C. The order also states that the parents are to sign a Federal income tax dependency exemption waiver (either a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or a written declaration conforming to the substance of Form 8332). Petitioner paid child support during 2005. Petitioner, however, claimed a dependency exemption deduction for C on his 2005 Federal income tax return and did not acquire a signed dependency exemption waiver from C's mother. Therefore no Form 8332, or its equivalent, was attached to petitioner's 2005 return.

The Internal Revenue Service sent a notice of deficiency to petitioner for 2005, disallowing the dependency exemption on the grounds that petitioner did not establish his entitlement to the

exemption.  As a result, C was determined not to be a qualifying child for petitioner, and the corresponding child tax credit was disallowed.

## Discussion

Our statement of background facts is sparse because there is no evidence explaining the context in which the child support paid by petitioner was ordered.  However, respondent does not dispute that C is petitioner's child, petitioner is living apart from C's mother, and more than one-half of C's support came from her parents in 2005.  Also, in view of our conclusion, we need not address the inconsistency of the stipulated order for child support and petitioner's claim of C, rather than A, as a dependent.

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c).  A child of a taxpayer generally qualifies as a dependent if the child shares the same principal place of abode as the taxpayer for more than one-half of the tax year in issue. Sec. 152(a), (c).  However, section 152(e)(1) limits the dependency exemption where the child's parents live apart, as follows:

SEC. 152(e). Special Rule for Divorced Parents, Etc.--

(1)  In general. * * * if--

(A) a child receives over one-half of the child's support during the calendar year from the child's parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and--

(B) such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such child shall be treated as being the qualifying child or qualifying relative of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met.

Petitioner is not the custodial parent of his child C. His entitlement to the deduction (and related child tax credit) depends on the applicability of section 152(e)(2), which provides:

(2) Exception where custodial parent releases claim to exemption for the year.--For purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The form prescribed for the waiver described in section 152(e)(2) is Form 8332, which must be executed by the custodial parent and attached to the Federal income tax return of the noncustodial parent in order for the noncustodial parent to receive the dependency exemption.  Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  Petitioner did not obtain a Form 8332 executed by the mother of his children and, as a result, could not attach this required form to his 2005 Federal income tax return.  Petitioner is therefore not entitled to the dependency exemption under section 152(e)(2).

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  The term "qualifying child", for purposes of the child tax credit, means a qualifying child as defined in section 152(c) who has not attained age 17. Sec. 24(c)(1).  Because petitioner did not establish that C was a qualifying child under either section 152(c) or the exception of section 152(e)(2), he does not satisfy the "qualifying child" requirement of the child tax credit under section 24.  Thus, he is not entitled to the child tax credit claimed with respect to C for the year in issue.

In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.
