T.C. Summary Opinion 2009-41

UNITED STATES TAX COURT

KRISTENE JO AND JEROME PHILIP HAHN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25553-07S.                    Filed March 25, 2009.

Kristene Jo and Jerome Philip Hahn, pro sese.

Caroline Krivacka, for respondent.

GALE, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,480 with respect to petitioners' 2005 Federal income tax. The issues for decision are: (1) Whether petitioners are entitled to a dependency exemption deduction under section 151(a) and (c); and (2) whether petitioners are entitled to a child tax credit under section 24(a).

## Background

Some of the facts have been stipulated. We incorporate the stipulated facts and exhibits into our findings by this reference. At the time the petition was filed, petitioners resided in Kentucky. We shall hereinafter refer to petitioner Jerome Philip Hahn alone as Jerome and petitioner Kristene Jo Hahn alone as Kristene.

Petitioners timely filed a joint return for their 2005 taxable year, which was a calendar year, in which they claimed a dependency exemption deduction and a child tax credit for NH, Jerome's minor son[2] from a prior marriage to Jessica Hahn (Jessica). Respondent issued a notice of deficiency with regard to petitioners' 2005 taxable year, disallowing the dependency exemption deduction and child tax credit petitioners claimed for NH.

---

[2]NH was 4 years old in 2005.

On March 23, 2004, Jerome and Jessica divorced. A custody decree and parenting plan (original custody order) was entered in the Superior Court of the State of Washington, County of Pierce (superior court), which gave Jessica primary custody of NH and awarded Jerome custody of NH every other weekend. On the same date the superior court filed a separate order of child support (order of child support) that directed Jerome to make monthly payments of child support and authorized him to claim the dependency exemption for NH for Federal income tax purposes so long as he was current with his child support obligation as of December 31st of each year.

Petitioners married in 2004. During 2005 petitioners and Jessica lived close to each other, and they often deviated from the terms of the original custody order, either when Jerome wanted to keep NH beyond his scheduled weekend visit or when Jessica was occupied and could not care for NH. This arrangement resulted in petitioners' having physical custody of NH for days in addition to Jerome's scheduled weekend visits.

On April 1, 2005, Jerome filed a petition in superior court to modify the original custody order. The petition sought primary custody of NH for Jerome and requested entry of a new parenting plan that would more accurately reflect the actual physical custody of NH, which the petition alleged had changed substantially since entry of the original custody order.

Attached to the petition was a summary petitioners prepared of the days on which they had physical custody of NH during the months of May 2004 through March 2005. According to the summary, petitioners had physical custody of NH for 157 days during this period.

The superior court did not modify the original custody order in 2005.

On March 14, 2006, Jerome and Jessica entered into a mediation agreement that gave Jerome physical custody of NH every other weekend from Friday at 6 p.m. to Monday at 6 p.m., every Sunday from 6 p.m. to Monday at 6 p.m., and every Tuesday from 4 p.m. to Wednesday at 6 p.m.

On May 19, 2006, the superior court issued a final order (modified custody order) modifying the original custody order which directed custody for NH under the same terms as the mediation agreement.

Jessica did not execute a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any similar waiver releasing her right to claim an exemption for NH for 2005.

## Discussion

### Burden of Proof

The Commissioner's determinations in the notice of deficiency are presumed correct, and taxpayers generally bear the

burden of proving that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Although section 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, we need not decide which party bears the burden of proof because in this case the outcome does not depend on the burden of proof. See Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), affg. T.C. Memo. 2003-212; Polack v. Commissioner, 366 F.3d 608, 613 (8th Cir. 2004), affg. T.C. Memo. 2002-145. We render our findings on the preponderance of the evidence.

Dependency Exemption Deduction

Section 151(a) and (c) allows a taxpayer a deduction for each individual who is a dependent of the taxpayer (as defined in section 152) for the taxable year. Section 152(a) defines a dependent to include a "qualifying child". Section 152(c) defines a qualifying child to include the son of a taxpayer who has the same principal place of abode as the taxpayer for more than one-half of the taxable year, who is under age 19 as of the close of the calendar year in which the taxpayer's taxable year begins, and who has not provided over one-half of his own support for the year.

Section 152(e) provides a special rule where the parents of a child are divorced and the child receives over one-half of his or her support from, and for more than one-half of the calendar

year is in the custody of, one or both of the divorced parents. Under the special rule, notwithstanding which parent is the "custodial parent" (i.e., the parent with whom the child shared the same principal place of abode for the greater portion of the year), the child is treated as the qualifying child of the "noncustodial parent" (i.e., the parent that is not the "custodial parent") if the custodial parent executes a written declaration that he or she will not claim the child as a dependent on his or her return for the year. Sec. 152(e)(1) and (2)(A). The declaration must be attached to the noncustodial parent's return. Sec. 152(e)(2)(B); see Miller v. Commissioner, 114 T.C. 184, 190-191 (2000); Walker v. Commissioner, T.C. Memo. 2008-194.

The parties direct a large part of their arguments at whether Jerome was current with his child support obligations so as to qualify him to claim the dependency exemption deduction for NH pursuant to the superior court's March 23, 2004, order of child support. However, the terms of a State court decree are irrelevant to the determination of whether petitioners are entitled to claim the dependency exemption deduction for NH in 2005. A State court order granting a taxpayer the right to claim the dependency exemption deduction is ineffective if the requirements of section 152 are not met, because a State court

cannot determine issues of Federal tax law.[3]    Miller v.
Commissioner, supra at 196.

Accordingly, petitioners' entitlement to the deduction for
2005 depends upon whether Jerome can satisfy section 152(c), by
showing that NH had the same principal place of abode as Jerome
for more than half of 2005, or section 152(e),[4] by showing that,
notwithstanding NH's having shared the same principal place of
abode with Jessica for the greater portion of 2005, Jessica
signed a Form 8332 or an equivalent written declaration releasing
her right to claim an exemption for NH for 2005 and such waiver
was attached to petitioners' 2005 return.  Sec. 152(e)(1) and
(2); see also Miller v. Commissioner, supra at 191-192 ("The
signature of the custodial parent is critical to the successful

---

[3]Congress has considered and rejected the idea that a State
court decree should determine which divorced or separated parent
is entitled to claim the dependency exemption.  Sec. 152(e)(2)
was amended by the Working Families Tax Relief Act of 2004
(WFTRA), Pub. L. 108-311, sec. 201, 118 Stat. 1169, effective for
taxable years beginning after Dec. 31, 2004, to provide that a
noncustodial parent is entitled to the dependency exemption
deduction if "a decree of divorce or separate maintenance or
written separation agreement * * * provides that * * * the
noncustodial parent shall be entitled to any deduction allowable
under section 151 for such child").  However, Congress
retroactively repealed the foregoing provision so that it had no
effect.  See Gulf Opportunity Zone Act of 2005, Pub. L. 109-135,
sec. 404, 119 Stat. 2632 (retroactively amending sec. 152(e)(2),
effective as if included in the WFTRA, to eliminate the
noncustodial parent's entitlement to a dependency exemption
deduction pursuant to a State court decree).

[4]The exception in sec. 152(e)(3) does not apply.  There was
no pre-1985 instrument within the meaning of sec. 152(e)(3)
applicable to NH.

implementation of Congress' plan to eliminate support-based disputes regarding dependency exemptions and to simplify the rules regarding when a noncustodial parent may claim the dependency exemptions for his or her children.").

It is undisputed that petitioners did not attach to their 2005 return a Form 8332 or an equivalent written declaration signed by Jessica.  Thus, the only way petitioners can show entitlement to the deduction is by showing that NH resided with them for more than one-half of 2005.  Petitioners assert that he did, notwithstanding the terms of the original custody order that gave Jerome custody of NH only on alternating weekends.  However, petitioners' testimony on this point was confusing and inconsistent.  Jerome testified that in 2005 NH resided with petitioners for longer periods than were provided in the original custody order, and that NH's periods of residence with them as reflected in the written summary submitted to the superior court in connection with Jerome's April 1, 2005, petition were representative of 2005 as a whole.

The written summary, covering May 2004 through March 2005, indicates that NH resided with petitioners for 157 days, or approximately 47 percent of the 335 days covered.  In contrast, Kristene testified that the written summary was representative until Jerome filed the April 1, 2005, petition seeking a modification in the original custody order, after which time

Jerome and Jessica strictly followed the original custody order (providing for Jerome's custody of NH only on alternating weekends). If Kristene's testimony is more accurate, then NH resided with petitioners for significantly less than 47 percent of 2005. Kristene also testified that at some point in 2005 the parents' practice regarding NH's custody approximated the terms of the mediation agreement reached with Jessica in March 2006 (later incorporated in the modified custody order of May 19, 2006). Under the mediation agreement/modified custody order, Jerome had custody of NH "From Friday at 6:00 p.m. to Monday at 6:00 p.m. every other week * * * [as well as] every other Sunday from 6:00 p.m. to Monday at 6:00 p.m. and every Tuesday from 4:00 p.m. to Wednesday at 6:00 p.m.". Pursuant to these terms, NH would not have resided with petitioners for more than half the year.

None of the scenarios described in petitioners' testimony resulted in NH's residing with petitioners for more than half of any month in 2005. Thus, under any of the scenarios variously claimed, regardless of the portion of 2005 in which each may have been operative, NH's residency with petitioners did not exceed one-half of 2005. Consequently, NH was not Jerome's "qualifying child" and therefore not his "dependent" within the meaning of section 152. We accordingly conclude that petitioners have not shown that they were entitled to claim a dependency exemption

deduction for NH in 2005, and we sustain respondent's determination to that effect.

## Child Tax Credit

Subject to income limitations not pertinent here, a child tax credit is allowed with respect to each "qualifying child" of the taxpayer.  Sec. 24(a) and (b).  A "qualifying child" for this purpose is one who meets the requirements of a "qualifying child" for purposes of the dependency exemption deduction under section 152(c) who has not attained age 17.  Sec. 24(c).  Since we have concluded that NH was not a "qualifying child" for purposes of section 152(c) (or (e)), NH is not Jerome's "qualifying child" under section 24(c).  Consequently, petitioners are not entitled to claim a child tax credit, and we sustain respondent's determination to that effect.

To reflect the foregoing,

Decision will be entered

for respondent.