T.C. Summary Opinion 2009-148

UNITED STATES TAX COURT

KEVIN H. DYER AND DENISE L. SAUNDERS DYER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10220-08S.              Filed September 24, 2009.

Kevin H. Dyer and Denise L. Saunders Dyer, pro sese.

<u>Edward Lee Walter</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax for 2006 of $4,475. After concessions,[2] the issues remaining for decision are:

(1) Whether petitioners are entitled to dependency exemption deductions for petitioner Kevin H. Dyer's (Mr. Dyer) two youngest children. We hold that petitioners are not; and

(2) whether petitioners are entitled to a child tax credit for Mr. Dyer's youngest child. We hold that petitioners are not.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in the State of Ohio when the petition was filed.

Before his marriage to Denise L. Saunders Dyer (Mrs. Dyer), Mr. Dyer was married to Jill A. Dyer, now Jill Weaver (Ms. Weaver). Mr. Dyer and Ms. Weaver had three children, one born in each of the following years: 1987, 1989, and 1992.

---

[2] Although a letter dated Feb. 28, 2008, from respondent to petitioners allows two dependency exemptions, the parties stipulated that the letter "allowed dependency exemptions for one child of Kevin Dyer and two children of Denise Dyer" for a total of three dependency exemptions. In addition, respondent conceded that petitioners were allowed the child tax credit on account of one child of Denise Dyer.

In 1999 Mr. Dyer and Ms. Weaver divorced and entered into a Parties' Proposed Shared Parenting Plan (the shared parenting plan), which is undated but signed by Mr. Dyer, Ms. Weaver, and their respective attorneys.  In the shared parenting plan, primary custody of the children was given to Ms. Weaver.  The shared parenting plan also stated that Mr. Dyer would make child support payments to Ms. Weaver through the Montgomery County Support Enforcement Agency.  With respect to dependency exemptions for tax purposes, the shared parenting plan detailed the following provision:

> 30.  **TAX EXEMPTION**:
>
> The father shall have the tax exemptions for all three (3) children beginning tax year 1998 provided he is current in his child support obligation.  The Court retains jurisdiction over this as well as all other matters involving the children.

For 2006 Mr. Dyer was current in his child support obligation.

In addition to Mr. Dyer's three children, Mrs. Dyer also brought three children of her own to the marriage.  Thus, when petitioners filed their 2006 Federal income tax return, they claimed dependency exemption deductions for five children (Mr. Dyer's three children and Mrs. Dyer's oldest and youngest children) and the child tax credit on account of two children (Mr. Dyer's youngest child and Mrs. Dyer's youngest child).

In a notice of deficiency dated February 1, 2008, respondent disallowed all five of the dependency exemption deductions and the child tax credit for both children. Respondent subsequently conceded that petitioners were entitled to three dependency exemption deductions on account of Mr. Dyer's oldest child and Mrs. Dyer's oldest and youngest children.[3] In addition, respondent conceded that petitioners were allowed the child tax credit for Mrs. Dyer's youngest child.

### Discussion

#### A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to

---

[3] Respondent conceded the dependency exemption deduction on account of Mr. Dyer's oldest child on the basis that she actually lived with petitioners throughout the entire year and was a full-time student. See sec. 152(c)(1), (3).

ascertaining the taxpayer's liability.  Petitioners have not alleged that section 7491 applies; therefore, the burden of proof remains on petitioners.

B.  Dependency Exemption Deductions

In general, a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(a), (c).  Section 152(a) defines a dependent to include a "qualifying child".  A qualifying child must, inter alia, share the same principal place of abode as the taxpayer for more than one-half of the year in issue.  Sec. 152(c).  Because the shared parenting plan awarded primary custody to Ms. Weaver, and Mr. Dyer admitted that he was the noncustodial parent for his two youngest children, we find that Ms. Weaver was the custodial parent of Mr. Dyer's two youngest children for 2006.

In the case of divorced or separated parents, however, special rules determine which parent may claim a dependency exemption deduction for a dependent.  See sec. 152(e).  As relevant to the present case, section 152(e)(2) allows the noncustodial parent to claim the dependency exemption deduction for a child if the custodial parent signs a written declaration releasing his or her claim to the deduction and the noncustodial parent attaches the declaration to his or her tax return.

The declaration required by section 152(e)(2) must be made on either Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of that form. Miller v. Commissioner, 114 T.C. 184, 189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); see sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Form 8332 requires a taxpayer to furnish: (1) The name of the child or children; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deductions; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year or years for which the claims were released. See Miller v. Commissioner, supra at 190. "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the instant case, Mr. Dyer admits that he was the noncustodial parent for his two youngest children during 2006. It follows, therefore, that petitioners may be entitled to the dependency exemption deduction if they attached to their 2006 tax return a written declaration as required under section 152(e)(2).

Petitioners contend that the shared parenting plan submitted to respondent after the filing of the 2006 tax return constitutes such a written declaration.  Accordingly, we must decide whether the shared parenting plan constitutes a written declaration under section 152(e)(2).[4]

In Boltinghouse v. Commissioner, T.C. Memo. 2003-134, the taxpayers attached to their return a copy of a separation agreement, which was signed by both the custodial and noncustodial parents.  The separation agreement unconditionally granted the noncustodial parent the dependency exemption deductions.  The Court held that the separation agreement met the requirements of a written declaration under section 152(e)(2) because it conformed in substance to Form 8332.

Similar to the separation agreement in Boltinghouse, petitioners contend that the shared parenting plan is signed by both the custodial and noncustodial parents.  However, simply because the custodial parent signed the shared parenting plan does not end the analysis.  The shared parenting plan must conform in substance to Form 8332.

---

[4] We hasten to note that a copy of the shared parenting plan was not attached to petitioners' return as contemplated by the statute.  Although this omission might be sufficient for us to sustain respondent's determination, the parties framed the issue in terms of whether the shared parenting plan constituted a written declaration under sec. 152(e)(2).  Accordingly, our analysis follows that approach.

Unlike the separation agreement in <u>Boltinghouse v. Commissioner</u>, <u>supra</u>, the shared parenting plan at issue is conditional; namely, that Mr. Dyer is entitled to "the tax exemptions for all three (3) children beginning tax year 1998 <u>provided he is current in his child support obligation</u>." (Emphasis added.)  This condition suggests that Mr. Dyer's compliance with his support obligations may change from year to year, such that his entitlement to the dependency exemption deductions for his children is potentially subject to change each year.  Although Mr. Dyer met the condition in 2006, the Internal Revenue Service cannot be expected to police divorce decrees and separation agreements.  Because of its conditional nature, the relevant part of the shared parenting plan does not constitute an equivalent to Form 8332 and thus does not comport with the requirements of section 152(e)(2).  See also <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310.

Therefore, we find that the shared parenting plan does not constitute a written declaration under section 152(e)(2). Accordingly, petitioners are not entitled to dependency exemption deductions for Mr. Dyer's two youngest children for 2006.[5]

---

[5] For future tax returns, if Ms. Weaver were to properly complete and execute a Form 8332 releasing her claim to the dependency exemption deduction, and if petitioners were to attach such form to their return, then, at least for the taxable year or years subject to such form, petitioners might succeed in avoiding the issues that have arisen in the present case.  Although Mr.

(continued...)

C.  <u>Child Tax Credit</u>

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1).  A taxpayer may also satisfy the qualifying child requirement if the taxpayer establishes entitlement to the dependency exemption deduction under the exception of section 152(e)(2).  <u>Walker v. Commissioner</u>, T.C. Memo. 2008-194.  Because petitioners did not establish that Mr. Dyer's youngest child was a qualifying child under either section 152(c) or the exception under section 152(e)(2), the qualifying child requirement of the child tax credit under section 24 has not been satisfied.  Thus, petitioners are not entitled to the child tax credit they claimed with respect to Mr. Dyer's youngest child for 2006.

Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

---

[5](...continued)
Dyer and Ms. Weaver may not be on the best of terms, we note that the divorce court retained jurisdiction over all matters involving the parties' children.

To reflect the foregoing,

Decision will be entered

under Rule 155.