T.C. Summary Opinion 2009-178

UNITED STATES TAX COURT

ROBERT FRANCIS BITZBERGER, JR. AND SAMANTHA J. BITZBERGER,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6592-08S.              Filed November 30, 2009.

Robert Francis Bitzberger, Jr., and Samantha J. Bitzberger,
pro sese.

<u>Carol-Lynn E. Moran</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $1,495 deficiency in petitioners' 2006 Federal income tax. The issues for decision are: (1) Whether petitioners are entitled to a dependency exemption deduction under section 151(a) and (c), and (2) whether petitioners are entitled to a child tax credit under section 24(a).

## Background

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in New Jersey.

Petitioners timely filed their 2006 Federal income tax return. On the return petitioners claimed a dependency exemption deduction and a child tax credit for B.B.[2] B.B. is the child of petitioner Robert Francis Bitzberger (Mr. Bitzberger) and Catherine Bitzberger (Catherine), Mr. Bitzberger's ex-wife.

Mr. Bitzberger and Catherine divorced in 1995. A final judgment of dissolution of marriage (final judgment) was rendered by the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, dated March 28, 1995. In the final judgment the court ordered and adjudged that "The Wife, Catherine

---

[2] The Court refers to minor children by their initials. See Rule 27(a)(3).

Bitzberger, shall have primary physical residency of the minor children, E.B. (born: April 4, 1991) and B.B. (born: July 28, 1992)."  Notably, however, the court further ordered and adjudged that "[Mr. Bitzberger] shall be entitled to claim one of the minor children as a dependent for the purposes of filing his state/federal income taxes.  * * * [Catherine] shall execute the necessary authorization for * * * Mr. Bitzberger to make such claim."

In spite of the court's order, both Catherine and petitioners claimed an exemption for B.B. in 2006.  Moreover, Catherine did not execute a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to allow petitioners to claim B.B. as a dependent for 2006.  Consequently, petitioners did not attach a Form 8332 to their 2006 Federal income tax return.

## Discussion

Generally, the Commissioner's determinations in the notice of deficiency are presumed correct and the taxpayer bears the burden of proving error in the determinations.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Pursuant to section 7491(a) the burden of proof may shift to the Commissioner where a taxpayer has introduced credible evidence regarding factual issues relevant to ascertaining his tax liability.  Rule

142(a)(2).  Petitioners have neither claimed nor shown eligibility for a shift in the burden of proof.

Dependency Exemption Deduction

Section 151(a) and (c) provides that a taxpayer may claim a deduction for each individual who is a dependent of the taxpayer as defined in section 152, provided that the dependent's identifying number is included on the return.  See secs. 151(e), 7701(a)(41), 6109.  Section 152(a) defines the term "dependent" in pertinent part to include a "qualifying child".  The child of a taxpayer is a qualifying child if that child has the same principal place of abode as the taxpayer for more than one-half of the taxable year and meets certain age and self-support restrictions not at issue here.  Sec. 152(c).  The record, however, is devoid of any evidence that B.B. and petitioners shared the same principal place of abode.

Section 152(e) provides a special rule for divorced parents. In pertinent part, section 152(e)(1) provides that if a child receives over one-half of the child's support during the calendar year from the child's parents, who are divorced, and the child is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as being the qualifying child of the noncustodial parent for the calendar year

if certain other requirements are met.[3] These other requirements are met if: (1) The custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that the custodial parent will not claim the child as a dependent for the taxable year; and (2) the noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year.[4] Sec. 152(e)(2); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The written declaration may be made on a form provided by the Internal Revenue Service or a document that conforms to the substance of such form. Miller v. Commissioner, 114 T.C. 184,

---

[3] We assume without deciding that Mr. Bitzberger and Catherine together provided more than half of B.B.'s support during 2006.

[4] In 2004 Congress considered, but promptly rejected, a rule that would have treated a State court order as a sufficient basis for claiming the dependency exemption. See Working Families Tax Relief Act of 2004 (WFTRA), Pub. L. 108-311, sec. 201, 118 Stat. 1169 (amending sec. 152(e)(2), effective for taxable years beginning after Dec. 31, 2004, to provide that a noncustodial parent is entitled to the dependency exemption deduction for a child supported by the divorced parents together if "a decree of divorce or separate maintenance or written separation agreement * * * provides that * * * the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child"). However, Congress promptly reconsidered and retroactively repealed the 2004 change before the end of 2005, so that it had no effect. See Gulf Opportunity Zone Act of 2005, Pub. L. 109-135, sec. 404, 119 Stat. 2632 (retroactively amending sec. 152(e)(2), effective as if included in the WFTRA, to eliminate the noncustodial parent's entitlement to a dependency exemption deduction pursuant to a State court decree).

191 (2000).  The written declaration is embodied in Form 8332, and it incorporates the requirements of section 152(e).  <u>Miller v. Commissioner</u>, <u>supra</u> at 190.[5]

We infer from petitioners' assertion that "I sent a copy of [the final judgment] with my * * * [2006] returns [sic]-as I do every year" to suggest that the copy of the final judgment of dissolution of marriage conforms to the substance of Form 8332. It is beyond debate, however, that neither Catherine nor Mr. Bitzberger signed the final judgment.

This Court has held that section 152(e)(2) clearly and unambiguously requires the custodial parent to sign a written declaration releasing the dependency exemption for his or her child to the noncustodial parent.  <u>Miller v. Commissioner</u>, <u>supra</u> at 193.  In rejecting a noncustodial parent's claim to the dependency exemption deduction where the custodial parent failed to sign a written declaration, this Court stated:

> Even where a State court judge has entered an order "granting" the noncustodial parent the right to claim the Federal dependency exemption for his child and the noncustodial parent attached a copy of the order to his tax return, we have rejected the noncustodial parent's claim to the dependency exemption where the custodial

---

[5] Form 8332 requires a taxpayer to furnish:  (1) The names of the children for whom the exemption claims are released; (2) the years for which the claims are released; (3) the signature of the custodial parent confirming his or her consent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption.  <u>Miller v. Commissioner</u>, 114 T.C. 184, 190 (2000).

> parent failed to sign a written declaration as required by section 152(e).  * * *

Id. at 193-194 (citing Neal v. Commissioner, T.C. Memo. 1999-97).

In this case we find that the final judgment does not conform to the substance of Form 8332, and we further note that a State court cannot determine issues of Federal tax law.  See Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Miller v. Commissioner, supra at 196; White v. Commissioner, T.C. Memo. 1996-438 (citing with approval Commissioner v. Tower, 327 U.S. 280 (1946)).  Consequently, the final judgment does not vest petitioners with a right to claim B.B. as a dependent absent compliance with the requirements of section 152(e).

In sum, while the parties agree that B.B. is Mr. Bitzberger's daughter, the final judgment awards Catherine custody of B.B.; and there is no evidence in the record nor any dispute to suggest that Catherine did not have custody during 2006.  Consequently, we find that Catherine was the custodial parent of B.B. for 2006 as defined in section 152(e)(4)(A).  Moreover, petitioners did not attach to their 2006 return a Form 8332 or a written declaration conforming to the substance of Form 8332.  See sec. 152(e)(2).  Accordingly, we hold that petitioners are not entitled to a dependency exemption deduction for B.B. for 2006.[6]

---

[6] Petitioners also assert that both before and after 2006
(continued...)

Child Tax Credit

Subject to income limitations not pertinent here, a child tax credit is allowed with respect to each qualifying child of the taxpayer.  Sec. 24(a) and (b).  For this purpose, section 24(c)(1) defines "qualifying child" as a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17.  Because petitioners failed to establish that B.B. was a qualifying child under either section 152(c) or the exception of section 152(e)(2), they have not satisfied the "qualifying child" requirement of the child tax credit under section 24.  See Walker v. Commissioner, T.C. Memo. 2008-194.  Accordingly, we sustain respondent's determination and hold that petitioners are not entitled to the child tax credit claimed with respect to B.B. for 2006.

---

[6](...continued)
they claimed the dependency exemption deduction for B.B. and the IRS allowed those deductions.  Petitioners' position is in the nature of an argument for equitable estoppel.  However, each tax year stands on its own and must be separately considered.  Haeder v. Commissioner, T.C. Memo. 2001-7 (citing United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969)).  Furthermore, it is well settled that the Commissioner cannot be estopped from correcting a mistake of law, even where a taxpayer may have relied to his detriment on that mistake.  Dixon v. United States, 381 U.S. 68, 72-73 (1965); Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183-184 (1957); see also Massaglia v. Commissioner, 286 F.2d 258, 262 (10th Cir. 1961), affg. 33 T.C. 379 (1959); Zuanich v. Commissioner, 77 T.C. 428, 432-433 (1981).

In reaching our decision, we have considered all arguments made, and to the extent not mentioned, we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.