T.C. Summary Opinion 2010-124


UNITED STATES TAX COURT



TOMMY C. VASQUEZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12517-09S.                Filed August 25, 2010.


    Tommy C. Vasquez, pro se.

    Nicholas D. Doukas and Timothy Froehle (specially

recognized), for respondent.



    ARMEN, Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect when the petition was filed.[1]  Pursuant to section

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
                                            (continued...)

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $1,850.

The issues for decision are whether petitioner is entitled to a dependency exemption deduction and a child tax credit for his daughter.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of California when the petition was filed.

Petitioner and Stacy Marie Kennedy (Ms. Kennedy) were married in 1996, and the couple had a daughter, GV, in 2000.[2]

In or about 2002 petitioner and Ms. Kennedy separated. Even though they have never formally divorced, they have lived apart from one another with minimal contact ever since.

When they separated, Ms. Kennedy took GV and moved to Wildomar, California, in Riverside County; petitioner remained in

---

[1](...continued)
of Practice and Procedure.

[2] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).

Fresno, where he continues to reside. Wildomar and Fresno are approximately 300 miles apart.

In 2005, the Superior Court in Riverside County awarded joint legal custody of GV to petitioner and Ms. Kennedy and physical custody of GV to Ms. Kennedy. The Superior Court also ordered petitioner to pay child support, which he has paid faithfully ever since. Provision was also made for visitation by petitioner.

In 2006, GV began attending elementary school in Riverside County.

During 2007, GV resided with petitioner in Fresno for approximately 103 days and with Ms. Kennedy in Wildomar, where GV attended school, for the balance of the year. Together, petitioner and Ms. Kennedy paid all, or virtually all, of the support for GV.

Petitioner timely filed a Federal income tax return for 2007. On his return, petitioner claimed a dependency exemption deduction and a child tax credit for GV. Petitioner did not attach--and Ms. Kennedy did not sign--a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, releasing the claim to the dependency exemption deduction for GV.

In a notice of deficiency, respondent determined that petitioner was not entitled to either a dependency exemption

deduction or a child tax credit for his daughter. The present action then followed.

Discussion[3]

A. Dependency Exemption Deduction

In general, a taxpayer may claim a dependency exemption deduction for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year. Sec. 151(a), (c). Section 152(a) defines a dependent to include a qualifying child. A qualifying child must, inter alia, share the same principal place of abode as the taxpayer for more than one-half of the year in issue. Sec. 152(c)(1)(B).

During 2007, GV resided with petitioner in Fresno for approximately 103 days and with Ms. Kennedy in Wildomar for the balance of the year. Thus, for 2007 GV did not share the same principal place of abode as petitioner for more than one-half of the year. GV was not, therefore, the qualifying child of petitioner for that year within the meaning of section 152(c).

However, in the case of divorced or separated parents, special rules determine which parent may claim a dependency exemption deduction for a dependent. Thus, section 152(e) provides in pertinent part as follows:

---

[3] We decide this case without regard to the burden of proof.

SEC. 152(e).  Special Rule for Divorced Parents, Etc.--

(1) In general.--* * * if--

(A) a child receives over one-half of the child's support during the calendar year from the child's parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and--

(B) such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such child shall be treated as being the qualifying child or qualifying relative of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met.[4]

(2) Exception where custodial parent releases claim to exemption for the year.--For purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial

---

[4]  Sec. 152(e)(3), dealing with pre-1985 instruments, is inapplicable here.

> parent's return for the taxable year
> beginning during such calendar year.

In other words, the noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written declaration under section 152(e)(2) releasing the claim to the deduction. The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a written statement conforming to the substance of Form 8332.[5] <u>Miller v. Commissioner</u>, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002); <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310.

Pursuant to section 152(e)(4), the term "custodial parent" means the parent having custody for the greater portion of the calendar year, and the term "noncustodial parent" means the parent who is not the custodial parent. Section 1.152-4(b), Income Tax Regs., provides that custody is "determined by the terms of the most recent decree of divorce or separate

---

[5] Form 8332 requires a taxpayer to furnish: (1) The name of the child or children; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deductions; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year or years for which the claims were released. See <u>Miller v. Commissioner</u>, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002). "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

maintenance, or subsequent custody decree, or * * * written separation agreement."  If the parents have split custody, the parent with physical custody the greater part of the year is deemed to be the custodial parent.  Id.

In 2005, the Superior Court in Riverside County awarded joint legal custody of GV to petitioner and Ms. Kennedy and physical custody of GV to Ms. Kennedy, with petitioner being granted the right of visitation.  Consistent with the court's decree, GV resided with petitioner in Fresno for approximately 103 days during 2007 and with Ms. Kennedy in Wildomar for the balance of the year.  Thus, Ms. Kennedy was the custodial parent and petitioner was the noncustodial parent in 2007.  See sec. 152(e)(4); sec. 1.152-4(b), Income Tax Regs.

Because we find that petitioner was not the custodial parent during 2007, a Form 8332 or its equivalent would have been required to qualify him for the exception in section 152(e)(2). No such documentation was attached to the tax return, and at trial petitioner candidly admitted that he was unable to secure a Form 8332, or its equivalent, executed by Ms. Kennedy. Accordingly, petitioner is not entitled to claim a dependency exemption deduction for his daughter, see Miller v. Commissioner, supra at 188-189; Chamberlain v. Commissioner, T.C. Memo. 2007-178, and  respondent's determination must be sustained.

B.  Child Tax Credit

Section 24(a) allows a child tax credit with respect to each qualifying child of the taxpayer.  As relevant herein, the term "qualifying child" is defined by section 24(c)(1) to mean a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17.  A taxpayer may also satisfy the qualifying child requirement if the taxpayer establishes entitlement to the dependency exemption deduction under the exception of section 152(e)(2).  Walker v. Commissioner, T.C. Memo. 2008-194; see Himes v. Commissioner, T.C. Memo. 2010-97; Gessic v. Commissioner, T.C. Memo. 2010-88.

Because GV was not petitioner's qualifying child under either section 152(c) or the exception under section 152(e)(2), the qualifying child requirement of the child tax credit under section 24 has not been satisfied.  Thus, petitioner is not entitled to the child tax credit for 2007, and respondent's determination must be sustained.

## Conclusion

We have considered all of the arguments advanced by petitioner, and, to the extent that we have not expressly addressed any, we conclude that none supports an outcome contrary to that reached herein.

To reflect the foregoing,

Decision will be entered

for respondent.