T.C. Memo. 2010-11

UNITED STATES TAX COURT

JOHN DOUGLAS THOMAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17922-08.                    Filed January 19, 2010.

John Douglas Thomas, pro se.

<u>Heather D. Horton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $1,593 deficiency in petitioner's Federal income tax for 2006.  The issues for decision are whether petitioner is entitled to a dependency exemption deduction and a child tax credit for his daughter,

S.R.T.[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Arizona when the petition was filed.

Petitioner married Karen J. Thomas (Ms. Thomas).  In 1991 they had a daughter, S.R.T.

On June 6, 1994, the Arizona Superior Court, Maricopa County, entered a decree of dissolution of marriage (decree) dissolving petitioner and Ms. Thomas' marriage.  Petitioner and Ms. Thomas signed the decree.  The decree does not contain petitioner's or Ms. Thomas' Social Security number or the date that she signed it.

The decree awarded Ms. Thomas custody of S.R.T.  It awarded petitioner up to 30 days summer visitation and reasonable visitation during his visits to S.R.T.'s State of residence.

The decree required petitioner to pay child support of $400 per month through the Arizona Superior Court, Maricopa County.

---

[1]  It is the policy of the Court to refer to a minor by her initials.  See Rule 27(a)(3).

Further, it required petitioner and Ms. Thomas to alternate claiming the dependency exemption deduction and the child tax credit. Ms. Thomas was entitled to claim the dependency exemption deduction and the child tax credit for 1995 and every odd year thereafter. Petitioner was entitled to claim the dependency exemption deduction and the child tax credit in even years, provided he was current in his payment of total child support for the current calendar year by December 31. Under the decree, if petitioner was current on his child support obligations, then Ms. Thomas was required to execute all necessary forms to allow petitioner to claim the dependency exemption deduction and the child tax credit.

During 2006 petitioner lived in Arizona and was current in his child support obligations. S.R.T. was 15 years old and lived with Ms. Thomas in Ohio.

A certified public accountant (C.P.A.) prepared petitioner's Form 1040, U.S. Individual Income Tax Return, for 2006. The C.P.A. advised petitioner that respondent rejected his electronically filed Form 1040 because someone else had already claimed S.R.T. as a dependent. After inquiry petitioner learned that Ms. Thomas had claimed S.R.T. as a dependent. Thereafter, the C.P.A. filed a paper Form 1040 for petitioner claiming the dependency exemption deduction and the child tax credit for S.R.T. Petitioner did not attach Form 8332, Release of Claim to

Exemption for Child of Divorced or Separated Parents.  Instead, he attached a copy of the decree.

## OPINION

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue.

I.  Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152.  A dependent is either a qualifying child or a qualifying relative. Sec. 152(a).  The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent.  A qualifying child must meet the following four requirements:

- Relationship.--The individual (dependent) is a child of the taxpayer, descendant of a child of the taxpayer, a brother, sister, stepbrother, or stepsister of the taxpayer, or a descendant of any such relative.  Sec. 152(c)(1)(A), (2).

- Residence.--The individual has the same principal place of abode as the taxpayer for more than one-half of the taxable year.  Sec. 152(c)(1)(B).

- Age.--The individual must not yet have attained the age of 19, or the individual is a student who has not yet attained the age of 24.  Sec. 152(c)(1)(C), (3)(A).

- Support.--The individual has not provided over one-half of such individual's own support.  Sec. 152(c)(1)(D).

During 2006 S.R.T. resided with Ms. Thomas in Ohio.[2]  Thus, S.R.T. did not have the same principal place of abode as petitioner for more than one-half of the taxable year, and she is not petitioner's qualifying child under section 152(c).  See sec. 152(c)(1)(B).

A qualifying relative must meet the following four requirements:

- Relationship.--The individual (dependent) is the taxpayer's child, a descendant of the taxpayer's child, the taxpayer's brother, sister, stepbrother, or stepsister; the taxpayer's father or mother or an ancestor of either, the taxpayer's stepfather or stepmother, a son or daughter of the taxpayer's brother or sister, a brother or sister of the taxpayer's father or mother, a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or

---

[2]  The parties have also stipulated that petitioner was the noncustodial parent.

sister-in-law; or an individual (other than an individual who at any time during the taxable year was the taxpayer's spouse determined without regard to section 7703) who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household during the taxable year. Sec. 152(d)(1)(A), (2).

• Gross Income.--The individual's gross income for the taxable year is less than the exemption amount ($3,300 for 2006). Sec. 152(d)(1)(B).

• Support.--The taxpayer provides over one-half of the individual's support for the taxable year. Sec. 152(d)(1)(C).

• Not a Qualifying Child.--The individual is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Sec. 152(d)(1)(D).

Petitioner did not substantiate the amount of S.R.T.'s support from all sources in 2006. In addition, petitioner has not established that S.R.T. was not a qualifying child of any other taxpayer for 2006 (e.g., Ms. Thomas). See sec. 152(d)(1)(D). S.R.T., therefore, is not petitioner's qualifying relative under section 152(d).

Section 152(e), however, provides a special rule applicable to divorced parents where a noncustodial parent may be entitled

to claim a dependency exemption deduction for the child notwithstanding the residency requirement of section 152(c)(1)(B), the support requirement of section 152(d)(1)(C), or the so called tie-breaking rule of section 152(c)(4). The following requirements must be met in order for the child to be treated as the noncustodial parent's qualifying child or qualifying relative.

- Support.--The child receives over one-half of the child's support during the calendar year from the child's parents. Sec. 152(e)(1)(A).
- Parents.--The parents are divorced or legally separated under a decree of divorce or separate maintenance, are separated under a written separation agreement, or live apart at all times during the last 6 months of the calendar year. Sec. 152(e)(1)(A).
- Custody.--The child is in the custody of one or both parents for more than one-half of the calendar year. Sec. 152(e)(1)(B).
- Custodial Parent Releases Claim to Exemption.--The custodial parent signs a written declaration (in such manner and form as the Secretary may prescribe) that the custodial parent will not claim the child as a dependent for the taxable year. Sec. 152(e)(2)(A).

• Noncustodial Parent Attaches Release to Return.--The noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year. Sec. 152(e)(2)(B).

The written declaration may be made on a Form 8332 or a document that conforms to its substance. Miller v. Commissioner, 114 T.C. 184, 190-191 (2000) (citing section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984)), affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). In order for a document to qualify as a statement conforming to the substance of Form 8332, it must contain substantially the same information required by Form 8332. Id. at 191. Form 8332 requires a taxpayer to furnish: (1) The children's names and the years for which exemption claims are released; (2) the custodial parent's signature and the date thereof; (3) the custodial parent's Social Security number; and (4) the noncustodial parent's name and Social Security number. Id. at 190.

Petitioner did not attach Form 8332 to his paper Form 1040; instead, he attached a copy of the decree. Under the decree, petitioner's entitlement to the dependency exemption deduction was conditioned on his payment of the total child support for the year. The decree, therefore, does not conform to the substance of Form 8332 or satisfy the requirements of section 152(e)(2).

See Boltinghouse v. Commissioner, T.C. Memo. 2003-134 (only a release that is unconditional conforms to the substance of Form 8332 and meets the requirements of section 152(e)(2)). In addition, the decree does not contain petitioner's or Ms. Thomas' Social Security number or the date of her signature. See Miller v. Commissioner, supra at 192 (order did not contain custodial parent's signature or Social Security number; thus, it did not substantially conform to Form 8332); White v. Commissioner, T.C. Memo. 1996-438 (letter failed to state the years released and did not contain the parents' Social Security numbers; thus, it did not substantially conform to Form 8332). Accordingly, the Court finds that S.R.T. is not treated as petitioner's qualifying child or qualifying relative under section 152(e), and therefore, he is not entitled to the dependency exemption deduction for her.

II. Child Tax Credit

A taxpayer may claim a child tax credit for "each qualifying child". Sec. 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1).

Because S.R.T. is not petitioner's qualifying child under section 152(c) nor treated as such under section 152(e), he is not entitled to the child tax credit for her.

We are not unsympathetic to petitioner's position. We also realize that the statutory requirements may seem to work harsh

results to taxpayers, such as petitioner, who are current in their child support obligations and who are entitled to claim the dependency exemption deductions or child tax credits under the terms of a divorce decree. However, we are bound by the language of the statute as it is written and the accompanying regulations when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310.

To reflect the foregoing,

Decision will be entered

for respondent.