T.C. Summary Opinion 2010-75

UNITED STATES TAX COURT


GREGORY J. AND SUSANNA M. CLINTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2759-08S.                 Filed June 16, 2010.


Gregory J. and Susanna M. Clinton, pro se.

<u>Christina L. Lewerenz</u>, for respondent.


PARIS, <u>Judge</u>:  This case was heard pursuant to section 7463[1]
of the Internal Revenue Code in effect when the petition was
filed.  Pursuant to section 7463(b), the decision to be entered
is not reviewable by any other court, and this opinion shall not
be treated as precedent for any other case.

---

[1]Subsequent section references are to the Internal Revenue
Code of 1986, as amended and in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure, unless otherwise indicated.

Respondent determined a deficiency of $4,684 in petitioners' Federal income tax for 2006. After concessions, the issue for decision is whether petitioners are entitled to a dependency exemption deduction and a child tax credit for petitioner Gregory J. Clinton's (petitioner) daughter, JC,[2] from a former marriage under sections 151 and 24, respectively.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Nebraska at the time the petition was filed.

Before his marriage to Susanna M. Clinton (Mrs. Clinton), petitioner was previously married. Petitioner and his former wife had two children: JC, born in 1990, and HC, born in 1993.

On May 30, 1996, petitioner and his former wife divorced. The District Court of Douglas County, Nebraska, granted a decree of dissolution of marriage (divorce decree) awarding custody of both children to petitioner's former wife. Petitioner was awarded visitation rights and ordered to make monthly child support payments for support of the minor children. The divorce decree specified that petitioner was entitled to claim a dependency exemption deduction for JC on his Federal and State

---

[2]This Court refers to minor children by their initials per Rule 27(a)(3).

income tax returns for every tax year during which he had completed all child support payments by December 31 of that tax year. Additionally, "As long as * * * [petitioner] satisfies the child support payment condition, * * * [his former wife] shall execute IRS Form 8332 granting the tax exemption to * * * [petitioner] for that tax year." The divorce decree was approved as to both form and content and signed by both petitioner and his former wife.

In 1998 petitioner's former wife moved with the two children to Pennsylvania. Petitioner contested this move, but eventually the Supreme Court of Nebraska permitted it. The move resulted in a modification of the divorce decree that altered petitioner's visitation rights and child support obligations but did not address tax exemptions.

For several years following the divorce petitioner made all child support payments, and his former wife executed a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, releasing the exemption to petitioner. Beginning in 2000, in response to a disagreement with petitioner over the status of his child support payments, his former wife refused to execute a Form 8332. Petitioner returned to State court to contest his former wife's position, and the Nebraska court resolved the dispute in favor of petitioner indicating all child

support obligations had been met.  Despite that, petitioner's former wife continued her refusal to execute a Form 8332.

Petitioner made all child support payments for 2006. Petitioner's former wife refused to execute a Form 8332 for tax year 2006.  Petitioner claimed a dependency exemption deduction and a child tax credit for JC on his 2006 tax return and attached to his return an incomplete Form 8332 (not signed by his former wife) and a copy of the divorce decree.

Petitioner's former wife also claimed a dependency exemption deduction and a child tax credit for JC on her 2006 tax return. Petitioner's former wife was the custodial parent of JC for 2006.

In an attempt to enforce the divorce decree, petitioner brought another suit against his former spouse in the District Court of Douglas County, Nebraska.  In an order issued October 6, 2008, the district court found that:  (1) Petitioner was current on his child support obligations for the 2003, 2006, and 2007 tax years; (2) petitioner was entitled to the dependency exemption deduction for the 2003, 2006, and 2007 tax years; and (3) his former wife was not entitled to the dependency exemption deduction for the 2003, 2006, and 2007 tax years.  Additionally, the district court found petitioner's former spouse in contempt for failure to execute a Form 8332.  Petitioner was awarded a judgment for attorney's fees but was not awarded any other damages.

## Discussion

I. Dependency Exemption Deduction

Section 151(c) allows taxpayers to deduct an exemption amount for each individual who qualifies as a dependent as defined in section 152. Section 152 provides several definitions for "dependent", including that in section 152(e), which specifies how to determine the dependency status of children of divorced parents. The exceptions of section 152(e)(1) apply if a child receives more than half of her support from her parents, the parents are divorced, and the parents have custody of the child for more than half of the tax year.

If the requirements of section 152(e)(1) are met, the custodial parent may claim the exemption unless the criteria for one of the section 152(e) exceptions have been met. The only relevant exception is section 152(e)(2), which provides that the noncustodial parent may claim the dependency exemption deduction for a calendar year only if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The regulations in effect for 2006 specify that the declaration required under section 152(e)(2) must be made either on a

completed Form 8332 or on a statement conforming to the substance of Form 8332.  See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[3]  Form 8332 requires a taxpayer to furnish (1) the names of the children for whom exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent, (4) the date of the custodial parent's signature, (5) the name of the noncustodial parent claiming the exemption, and (6) the Social Security numbers for the custodial and noncustodial parents.

JC receives support exclusively from her divorced parents, petitioner and his former wife.  JC primarily resided with petitioner's former wife, and neither party contests that petitioner's former wife was the custodial parent for JC in 2006.  Following the close of 2006 petitioner asked his former wife to execute a Form 8332 releasing the deduction for JC to him in accordance with their divorce decree, and his former wife refused this request.  Petitioner subsequently attached an incomplete Form 8332 (lacking his former wife's signature) and a copy of his divorce decree to his 2006 tax return.  Because petitioner failed to attach a completed Form 8332 to his tax return, this Court

---

[3]The Court notes that temporary regulations have binding effect and are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

must determine whether the copy of his divorce decree is a statement conforming to the substance of Form 8332 as the legislature intended.  This Court holds that it is not.

The divorce decree, providing a contingent release of the dependency exemption to petitioner alone, cannot serve as a release of the dependency exemption signed by his former wife as required by section 152(e).  A divorce decree that unambiguously releases the dependency exemption to the noncustodial parent and is signed by the custodial parent conforms in substance to Form 8332.  See <u>Boltinghouse v. Commissioner</u>, T.C. Memo. 2003-134; cf. <u>Miller v. Commissioner</u>, 114 T.C. 184 (2000) (signature of attorney on divorce decree was insufficient to meet statutory requirement of signature of custodial parent), affd. on other grounds sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002).  In <u>Miller v. Commissioner</u>, <u>supra</u> at 192-193, this Court rejected the use of a divorce decree that was signed by the custodial parent's attorney subject to a qualification that his signature indicated he approved only the document's form. However, petitioner's former wife signed the divorce decree herself specifically approving the decree as to both form and content, dated May 30, 1996.  As the Court noted in <u>Miller</u>, it is the actual signature of the spouse that is necessary to meet the requirements of section 152(e).  See <u>id.</u> at 190-191.

Petitioner's divorce decree met the requirement for having the signature of the custodial spouse.

In addition to petitioner's former wife's signature, the divorce decree explicitly states the name of the child for whom the dependency exemption is released and the name of the noncustodial parent (petitioner) to whom the exemption is released. These items are equivalent to the requirements on Form 8332.

Despite the divorce decree's inclusion of a valid signature and appropriate identifying information, respondent argues that the decree is insufficient to serve as a release of the exemption because it does not specifically articulate the years for which the exemption is released. More specifically, the divorce decree states that petitioner is entitled to claim the dependency exemption only for years in which he is current on his child support obligations by December 31 of that year, and the presence of the condition prevents the divorce decree alone from establishing that the deduction was released to petitioner for the tax year at issue. In prior cases, this Court has been hesitant to validate the use of conditional releases in divorce decrees because of a congressional intent to avoid support payment disputes between spouses in the litigation of Federal tax controversies. See Thomas v. Commissioner, T.C. Memo. 2010-11 (rejecting the use of a divorce decree in part because the decree

specified necessary conditions that the Internal Revenue Service (IRS) and this Court could not verify). However, petitioner argues that the conditional requirement in petitioner's divorce decree does not raise this policy concern because the Nebraska courts have resolved the dispute between petitioner and his former wife.

To support his claim, petitioner submitted a court decree of the district court of Douglas County, Nebraska. That court determined that: (1) The court had full and complete jurisdiction as to the parties and to the subject matter; (2) petitioner had met his child support obligations for 2006; (3) petitioner was entitled to the dependency exemption deduction for JC for 2006; and (4) petitioner's former wife was in contempt for her failure to comply with the divorce decree and execute a Form 8332.

State law governs the allocation of child custody and marital property and determines the nature of these rights while Federal law defines the appropriate tax treatment of those rights. See Knight v. Commissioner, 115 T.C. 506, 513 (2000); Alpern v. Commissioner, T.C. Memo. 2000-246. An allocation of the dependency exemption deduction concerns the contractual property right transferred to petitioner from his former wife when she signed the divorce decree. The Douglas County District Court adjudicated the nature of this property right and found

that petitioner held that right for tax year 2006. However, that court's decision was rendered on October 6, 2008, after petitioners had filed their 2006 tax return. Additionally, a copy of the court order was not attached to petitioners' Form 1040, U.S. Individual Income Tax Return, for tax year 2006. Although the 2008 State court order ruling on the satisfaction of all conditions in a divorce decree may be sufficient to render the decree and order equivalent to a Form 8332, the language of section 152(e)(2) in effect during the tax year at issue controls and prohibits this Court from considering that court's order, because petitioner failed to attach it to his timely filed Form 1040 for the tax year 2006.

Absent the Douglas County District Court order, the conditional provisions of the petitioner's divorce decree prevent it from serving as a substantially equivalent release to a Form 8332. Therefore, petitioners fail to meet the requirements of section 152(e)(2) and are denied the dependency exemption deduction.

This Court notes that section 152(e)(2) provides a mechanism for transferring the benefit of the dependency exemption deduction from the custodial parent to the noncustodial parent without involving the IRS in the resolution of disputes between divorced parents. See Bramante v. Commissioner, T.C. Memo. 2002-228 (citing H. Rept. 98-432 (Part 2), at 1499 (1984)). However,

this provision places the IRS in the midst of an ongoing dispute between divorced parents every tax year or those years when the noncustodial parent must procure a signed release from the custodial parent.  Failure to obtain this release mandates that the IRS deny the noncustodial parent the dependency exemption deduction and support the custodial parent's claim for the deduction even if, as in this case, the custodial parent's refusal to sign the release is in violation of a State court order.  Thus, both the statute and precedent provide custodial parents both an effective mechanism and strong financial incentive to violate the terms of their divorce decrees.

II. Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for each qualifying child.  The qualifying child requirement is satisfied if the taxpayer establishes entitlement to the dependency exemption deduction under the exception of section 152(e)(2).  Walker v. Commissioner, T.C. Memo. 2008-194.  Because petitioners failed to satisfy the requirements under section 152(e)(2), as discussed above, they are ineligible for the child tax credit for JC in tax year 2006.

To reflect the foregoing and the concessions of the parties,

Decision will be entered
under Rule 155.