T.C. Summary Opinion 2010-108

UNITED STATES TAX COURT

ALLISON LEA MULLINS, Petitioner,
AND BILLY CRAIG MULLINS, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16987-08S.            Filed August 2, 2010.

Allison Lea Mullins, pro se.

Billy Craig Mullins, pro se.

<u>Timothy S. Sinnott</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,990 deficiency in petitioner's 2006 Federal income tax. The issues for decision are:

(1) Whether petitioner is entitled to dependency exemption deductions claimed for intervenor's children for the 2006 tax year;

(2) whether petitioner is entitled to child tax credits for 2006 with respect to intervenor's children; and

(3) whether petitioner is entitled to relief from joint and several liability under section 6015(b), (c), or (f) for the deficiency as determined by respondent.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioner resided in Indiana and intervenor resided in Kentucky. Petitioner and intervenor were married in July 2003 and separated in March 2007. Before they separated petitioner and intervenor filed a joint Federal income tax return for the 2006 tax year. Petitioner and intervenor were divorced as of May 25, 2007. The parties' settlement agreement and decree of dissolution of marriage does

not contain any provisions regarding which of the parties is liable for payment of the proposed deficiency for 2006.

Before May 23, 2003, intervenor had been married to Sandra M. Mullins, with whom intervenor had two children, hereinafter referred to as J.C.M. and S.L.M.[2] The dissolution of marriage contract and agreement between intervenor and Sandra M. Mullins provided that intervenor would have the right to claim J.C.M., but not S.L.M., as a dependent for Federal income tax purposes for all years beginning in 2003, provided that intervenor remained current in satisfying his child support obligation.

In addition to his children with Sandra M. Mullins, intervenor also had a child, hereinafter referred to as E.M.E.M., with Monica Gail Ely. Pursuant to an Indiana court order (court order) dated May 17, 2002, intervenor was given the right to claim E.M.E.M. as a dependent on his Federal income tax return for 2000, and for all future even-numbered years, provided that he and Ms. Ely executed all documents necessary in order to effectuate the income tax provisions provided in the court order.

Petitioner prepared a joint 2006 Federal income tax return on behalf of herself and intervenor. On the return petitioner and intervenor claimed dependency exemption deductions for J.C.M. and E.M.E.M. In addition, petitioner and intervenor claimed

---

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

child tax credits for both children.  Petitioner and intervenor failed to include Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, with respect to either J.C.M. or E.M.E.M. when the return was filed.

On the joint return petitioner and intervenor reported an overpayment of $3,469 in their Federal income tax.  Upon issuance, the refund of the claimed overpayment was reduced by $1,022.18 in order to satisfy a child support obligation of intervenor.  The balance of the overpayment was directly deposited into petitioner's personal savings account on March 16, 2007, just 2 days before petitioner and intervenor separated.

During the 2006 tax year petitioner and intervenor earned wages of $24,914.67 and $8,948.75, respectively; i.e., $33,863.42 in combined wages.  In addition to these wages intervenor received unemployment benefits totaling $13,579.  On the 2006 return petitioner and intervenor reported the wages and unemployment benefits and claimed dependency exemptions for themselves, J.C.M., and E.M.E.M.

Petitioner attached to the return a Form 8379, Injured Spouse Allocation, listing herself as the injured spouse.  On the Form 8379 petitioner allocated all the wages and unemployment compensation received by petitioner and intervenor to herself. Petitioner attached Form 8379 because she was aware that intervenor was in arrears on his child support obligations.

During the 2006 tax year petitioner maintained a checking account and a savings account in her name alone. Expenses were paid out of those accounts, as the intervenor maintained no accounts of his own. Petitioner has remarried and her current surname is Brassfield.

## Discussion

Generally, the Commissioner's determination in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving error in the Commissioner's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), the burden of proof with respect to any factual issue shifts to the Commissioner if the taxpayer introduces credible evidence with respect to that issue. Rule 142(a)(2). Petitioner has neither claimed nor shown eligibility for a shift in the burden of proof.

## I. Dependency Exemption Deductions

Generally, a taxpayer may claim dependency exemption deductions for all individuals who are dependents of the taxpayer for the tax year. Sec. 151(a), (c). "Dependent" is defined by section 152(a) as including "a qualifying child". Sec. 152(a)(1). In order to be a qualifying child, the child must share the same principal place of abode as the taxpayer for more than one-half of the taxable year at issue. Sec. 152(c)(1).

Petitioner and intervenor did not have custody of J.C.M. and E.M.E.M., nor did they share an abode with them for more than one-half of the 2006 tax year. The record shows that Sandra Mullins and Ms. Ely had custody of their respective children. As a result, intervenor was the noncustodial parent of both J.C.M. and E.M.E.M.

Where there are divorced or separated parents, special rules may determine which parent may claim a dependency exemption deduction for a dependent child. Section 152(e) specifies how to determine the dependent status of children of divorced parents. Section 152(e)(1) applies if a child receives more than one-half of his support from his parents; the parents are divorced, separated, or live apart; and the parents have custody of the child for more than one-half of the tax year.

If the requirements of section 152(e)(1) are met, the custodial parent may claim the exemption, unless all of the criteria for one of the exceptions in section 152(e) are met. The only exception relevant here is section 152(e)(2), which provides that the noncustodial parent may claim the dependency exemption deduction for a calendar year if the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim the child as a dependent for the taxable

year, and the noncustodial parent attaches the declaration to his return for the taxable year.

The regulations in effect for the 2006 tax year specify that the declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332. Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Form 8332 requires a taxpayer to furnish: (1) The names of the children for whom exemption claims were released; (2) the years for which the claims were released; (3) the signature of the custodial parent; (4) the date of the custodial parent's signature; (5) the name of the noncustodial parent claiming the exemption; and (6) the Social Security numbers for the custodial and noncustodial parents. Himes v. Commissioner, T.C. Memo. 2010-97.

Because intervenor was the noncustodial parent for both J.C.M. and E.M.E.M., petitioner and intervenor were required to attach for each child either an executed Form 8332 or a statement conforming to its substance to their 2006 return in order to claim the dependency exemption deductions. See sec. 152(e). Petitioner and intervenor failed to attach Forms 8332.

The dissolution of marriage contract and agreement and the court order, pertaining respectively to J.C.M. and E.M.E.M., had they been attached to the return would not have constituted statements that sufficiently conformed to the substance of Form

8332.  We have held that a divorce decree that unambiguously releases the dependency exemption to the noncustodial parent and is signed by the custodial parent can conform in substance to Form 8332.  Boltinghouse v. Commissioner, T.C. Memo. 2003-134. In contrast, an ambiguous or contingent release of the dependency exemption cannot conform in substance to Form 8332.  Thomas v. Commissioner, T.C. Memo. 2010-11.  As a result, the dissolution of marriage contract and agreement does not conform to the substance of Form 8332, as its release of the dependency exemption deduction for J.C.M. is conditioned upon intervenor's remaining current on his child support obligations for the year.[3] See Thomas v. Commissioner, supra.

The court order pertaining to E.M.E.M. also fails to substantially conform to the substance of Form 8332.  Any document must satisfy the signature requirement of section 152(e)(2) in order for that document to qualify as a statement conforming to the substance of Form 8332.  Miller v. Commissioner, 114 T.C. 184 (2000).  Because the court order is not signed by the custodial parent, it fails to conform to the substance of Form 8332.

---

[3]Intervenor's testimony at trial indicated that he believed he was behind on child support payments for both J.C.M. and E.M.E.M. for the 2006 tax year.  Additionally, $1,022.18 of petitioner and intervenor's claimed income tax overpayment refund for 2006 was offset against child support obligations of intervenor.

Because Forms 8332 were not attached to the 2006 Federal income tax return petitioner filed, this Court sustains respondent's determination with respect to the dependency exemption deductions.

## II.  Child Tax Credits

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  "Qualifying child", for purposes of the child tax credit, means a qualifying child as defined in section 152(c) who has not yet attained age 17.  Sec. 24(c).  In addition, a child for whom the requirements of section 152(e)(2) are met is treated as a qualifying child of the taxpayer.  Sec. 152(e)(1)(B).

Because J.C.M. and E.M.E.M. were not qualifying children under section 152(c), and the requirements for the exception in section 152(e)(2) were not satisfied, the children do not satisfy the "qualifying child" requirement of the child tax credit under section 24.  Thomas v. Commissioner, supra; Walker v. Commissioner, T.C. Memo. 2008-194.

## III.  Innocent Spouse Relief

Section 6013(d)(3) generally provides that married couples who file a joint income tax return are jointly and severally liable for any resulting income tax liability.  A spouse may seek relief from joint and several liability under section 6015 in

appropriate circumstances.  Sec. 6015(b), (c), and (f); Olson v. Commissioner, T.C. Memo. 2009-294.

A.  Section 6015(b)

Section 6015(b)(1) authorizes the Commissioner to grant relief from joint and several liability for tax if the taxpayer requesting relief satisfies each of the following five requirements:  (A) A joint return has been made for a taxable year; (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return; (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement; (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency attributable to such understatement; and (E) the other individual elects the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election.

The spouse requesting relief bears the burden of proving that she satisfies each of these five requirements.  See Rule 142(a); Haltom v. Commissioner, T.C. Memo. 2005-209.  "The requirements of section 6015(b)(1) are stated in the conjunctive. Accordingly, a failure to meet any one of them prevents a

requesting spouse from qualifying for relief offered therein."
Alt v. Commissioner, 119 T.C. 306, 313 (2002), affd. 101 Fed.
Appx. 34 (6th Cir. 2004); Haltom v. Commissioner, supra.

Respondent does not dispute that petitioner satisfies the
elements of section 6015(b)(1) regarding the filing of a joint
return, the attribution of an understatement of tax to an
erroneous item of the nonrequesting spouse, and timely election,
under section 6015(b)(1)(A), (B), and (E), respectively.[4]
However, respondent contends that petitioner does not satisfy the
remaining two requirements of section 6015(b)(1)(C) and (D).

A requesting spouse has knowledge or reason to know of an
understatement if she actually knew of the understatement or if a
reasonable person in similar circumstances, at the time she
signed the return, could be expected to know that the return
contained an understatement.  Sec. 1.6015-2(c), Income Tax Regs.
All of the facts and circumstances are considered in determining
whether a requesting spouse had reason to know of an
understatement.  Id.

In the case before us, the deficiency is based upon
improperly claimed dependency exemption deductions and child tax
credits on petitioner and intervenor's 2006 Federal income tax
return.  Petitioner personally prepared that return and failed to

---

[4]Respondent, through his pretrial memorandum, concedes that
petitioner has satisfied the elements of sec. 6015(b)(1)(A), (B),
and (E).

attach to it either a Form 8332 or a document of a substanitally similar character, as is required to be eligible for the dependency exemption deduction. She was aware that the Form 8332 was not attached, and she knew or should have known that because of this omission, she and intervenor were not eligible to claim the dependency exemption deductions. Additionally, the fact that petitioner knew intervenor was behind on his child support obligations further indicates that she knew that he was not eligible to claim the children as dependents, as his right to the deduction was expressly conditioned on his fulfilling his child support obligation.

We find that petitioner has failed to satisfy the requirements of section 6015(b)(1)(C) because she knew or had reason to know that she was not justified in claiming the deductions and credits related to intervenor's children on their return.

Under section 6015(b)(1)(D), petitioner also has to establish that taking into account all the facts and circumstances, it would be inequitable to hold her liable for the deficiency in tax for 2006. See Doyle v. Commissioner, T.C. Memo. 2003-96, affd. 94 Fed. Appx. 949 (3d Cir. 2004). All of the facts and circumstances are considered in determining whether it is inequitable to hold a requesting spouse jointly and severally liable for an understatement. Sec. 1.6015-2(d), Income

Tax Regs. Relevant factors include whether there was any participation in wrongdoing on the part of the requesting spouse. Doyle v. Commissioner, supra; sec. 1.6015-2(d), Income Tax Regs. Petitioner prepared the return on which she claimed the disallowed deductions and credits and thereby actually participated in the action that led to the deficiency. The fact that petitioner was responsible for the events leading to the deficiency further indicates that she has not satisfied the requirements of section 6015(b) and is not eligible for relief thereunder.

B.    Section 6015(c)

Under section 6015(c) if the requesting spouse is no longer married to or is legally separated from the spouse with whom she filed the joint return, she may elect to limit her liability for a deficiency as provided in section 6015(d). DeMattos v. Commissioner, T.C. Memo. 2010-110. However, the election is not available where the Secretary has demonstrated that the individual making the election had actual knowledge, at the time the individual signed the return, of the item giving rise to the deficiency. Sec. 6015(c)(3)(C). In accordance with our findings above we find that the fact that petitioner prepared and filed the return herself while failing to attach a Form 8332 or a document of substantially similar character shows that petitioner had actual knowledge of the items giving rise to the deficiency

and thereby prevents her from obtaining relief under section 6015(c).

    C.   <u>Section 6015(f)</u>

Section 6015(f) allows for an alternative means of relief for a requesting spouse who does not otherwise qualify for relief under section 6015(b) or (c).  Sec. 6015(f)(2).  Section 6015(f) permits relief from joint and several liability where it would be inequitable to hold the individual liable for any unpaid tax or any deficiency.  Sec. 6015(f)(1).  Under section 6015(f), the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances of their case.  Sec. 6015(f)(1).

The Commissioner has prescribed revenue procedure guidelines to be used by Internal Revenue Service (IRS) employees in determining whether a requesting spouse is entitled to relief from joint and several liability under section 6015(f).  Rev. Proc. 2003-61, 2003-2 C.B. 296.  Rev. Proc. 2003-61, <u>supra</u>, lists the factors that IRS employees are to consider, and the Court consults those same factors when reviewing a denial of relief by the IRS.  <u>DeMattos v. Commissioner</u>, <u>supra</u>.

Respondent concedes that petitioner satisfies the threshold requirements of Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at

297,[5] which must be satisfied in order for petitioner to be eligible to submit a request for equitable relief under section 6015(f).

Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299, provides factors to be considered in determining whether relief should be granted to a taxpayer who has satisfied the threshold requirements of Rev. Proc. 2003-61, sec. 4.01 but does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298.  These factors include:  (1) Marital status; (2) economic hardship; (3) knowledge or reason to know; (4) nonrequesting spouse's legal obligation; (5) significant benefit; and (6) compliance with income tax laws.  Id. sec. 4.03(2)(a), 2003-2 C.B. at 298-299.

Respondent concedes that petitioner is divorced (factor 1), that she did not receive a significant benefit from the claimed dependency exemption deductions (factor 5), and that she has been in compliance with Federal income tax laws for subsequent years (factor 6).[6]  Therefore, we find that these factors weigh in favor of relief.  We will now examine the remaining factors.

_____

[5]Respondent, through his pretrial memorandum, concedes that petitioner satisfies the requirements of Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297.

[6]Respondent's concessions regarding Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298, are also taken from respondent's pretrial memorandum.

Factor 2:  Economic Hardship

The record regarding the level of hardship petitioner would face is limited.  Because she is employed and has failed to show the Court what her expenses are, we find that petitioner has not proven economic hardship.  This factor weighs against relief.

Factor 3:  Knowledge or Reason To Know

Because we have already found that petitioner had knowledge of the deductions and credits giving rise to the deficiency, we find that this factor weighs against relief.

Factor 4:  Nonrequesting Spouse's Legal Obligation

Because under the divorce decree neither party has an obligation to pay the deficiency, we find that this factor is neutral.

Conclusion

Of the factors discussed, three of them support relief (marital status, lack of significant benefit, and compliance with income tax laws), two factors weigh against relief (knowledge or reason to know, and economic hardship), and one factor is neutral (nonrequesting spouse's legal obligation).

Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(B), 2003-2 C.B. at 298, provides that in a deficiency case, reason to know of the item giving rise to the deficiency will not be given more weight than other factors; however, actual knowledge of the item will weigh heavily against relief being granted.

We find that the factors supporting relief are outweighed by petitioner's actual knowledge of items giving rise to the deficiency, including her preparation of the tax return and her failure to include appropriate supporting documentation for the deductions and credits claimed.

On the basis of the foregoing, we hold that petitioner has failed to carry her burden of showing that she is entitled to relief from joint and several liability under section 6015(f) for 2006.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.