T.C. Summary Opinion 2011-5

UNITED STATES TAX COURT

MICHAEL FRED WESNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15745-09S.          Filed January 24, 2011.

Michael Fred Wesner, pro se.

Alicia E. Elliott, for respondent.

GERBER, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2007, the taxable year in issue.

case.  Respondent determined a $2,559 income tax deficiency for petitioner's 2007 tax year.  The deficiency is attributable to respondent's disallowance of a claimed dependency exemption deduction, head of household filing status, and an earned income tax credit.  We consider whether petitioner is entitled to a dependency exemption deduction and/or an earned income tax credit.[2]

## Background

Petitioner resided in Arizona at the time that his petition was filed.[3]  During 2007 petitioner was married to Polly A. Wesner, and he resided with her during the entire year.

Petitioner has a minor child from a previous marriage to Denise S. Tokar (Ms. Tokar).  On July 6, 2006, an establishment and judgment and order (court order) regarding custody was filed in the Arizona Superior Court, Pima County (divorce court).  Under that court order petitioner was obligated to pay monthly child support of $229.  The court order awarded petitioner the right to claim the minor child as a "Federal tax exemption" for the 2006 and 2007 tax years:

> If * * * [petitioner] has paid in full all current
> support and court ordered arrearage payments due for
> the calendar year by December 31, * * *, the Federal

[2]Petitioner conceded at trial that he was not entitled to head of household filing status for his 2007 tax year.

[3]The parties' stipulation of facts and the attached exhibits are incorporated by this reference.

> tax exemption for the minor child(ren) shall be allocated as follows:  * * * [petitioner] to claim 2006 & 2007.  * * * [Ms. Tokar] to claim 2008.  Three year pattern to continue.

> [Ms. Tokar] shall execute the necessary Internal Revenue Service forms to transfer the exemption(s) consistent with the order.  Note:  The exemptions are not allocated unless the current support obligation is greater than $1,200 per year.

Petitioner was also obligated to pay 60 percent of the minor child's unreimbursed medical and dental expenses.  In addition to future child support, petitioner was also ordered to pay past care and support of $9,160 for April 1, 2003, through June 30, 2006, at the rate of $76 per month.

During 2007 petitioner paid a total of $3,687.75 to the divorce court to satisfy his child support obligations.  Petitioner's total monthly obligation, including a $2.25 handling fee, was $307.25 ($229 + $76 + $2.25 = $307.25).  Accordingly, petitioner had met his total support obligation for 2007 ($307.25 x 12 = $3,687), allowing him to claim the Federal dependency exemption deduction under the court order.

Petitioner approached Ms. Tokar, the custodial parent, immediately after the entry of the court order and arranged an appointment with her to execute the Internal Revenue Service forms (tax forms) as ordered by the divorce court.  Ms. Tokar did not appear at the appointed time and failed to execute the tax forms.  After petitioner's attempt to obtain Ms. Tokar's signature failed, he sought enforcement of the court order by

service of legal process but he did not know her mailing address. He requested Ms. Tokar's address from the agency to which he made the support payments, and it refused to provide her address. Accordingly, at the time his 2007 income tax return was due, petitioner did not have the required consent form executed by Ms. Tokar; and his income tax return was filed without the form or any other documentation supporting his claim for the dependency exemption deduction.

After more than 6 months of trying to obtain Ms. Tokar's address, petitioner hired a process server during August 2009 to find and serve her. By the time the matter came before the divorce court it was too late for Ms. Tokar to sign the tax forms. The divorce court, finding that petitioner had made support payments for 2007 and had qualified under the court order for the dependency exemption deduction, credited $2,559 against petitioner's future support payments beginning September 1, 2009. The income tax deficiency respondent determined for 2007 was $2,559.

## Discussion

Petitioner claimed a dependency exemption deduction and earned income tax credit for his 2007 tax year. Section 151(c) allows an exemption for a "dependent" as defined in section 152. Generally, to be a "qualifying child" for purposes of the dependency exemption deduction, the child must not provide over

one-half of the child's own support and must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.[4]  See sec. 152(c)(1)(A), (B), (D), (2)(A).

Where parents of a child live apart for the last 6 months of a calendar year and the child receives more than one-half of the child's support from both parents and is in the custody of one parent for more than one-half of the year, the child is treated as the "qualifying child" of the custodial parent.  See sec. 152(e)(1), (4)(A).

Petitioner is not the custodial parent, and we must look to section 152(e), which provides the circumstances under which a noncustodial parent may claim a dependency exemption deduction. Section 152(e) sets forth three possible exceptions to the bright-line rule that the custodial parent is entitled to the dependency exemption deduction.  The one that could be applicable is set forth in section 152(e)(2):  "The custodial parent signs a written declaration * * * that such custodial parent will not claim such child as a dependent * * * and * * * the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year."

No such document was executed and/or attached to petitioner's 2007 income tax return and, accordingly, petitioner

---

[4]The child must also meet certain age requirements.  Sec. 152(c)(1)(C), (3).

does not meet the requirements of the statutory exception and is not entitled to claim the minor child as a dependent. This is so even though a State court with jurisdiction over the parties to a divorce proceeding ordered that petitioner was entitled to the dependency exemption deduction for 2007 and even though the custodial parent had been ordered but failed to execute the consent form required by the Federal statute. The consent form requirement is in absolute terms and is unambiguous.

The congressional intent to relieve the Commissioner of the administrative burden of sorting out multiple claims for the same dependent(s) has been expressed as a bright-line rule, and petitioner's circumstances, although compelling, are without remedy in the context of the Federal tax law. See Miller v. Commissioner, 114 T.C. 184 (2000). Under section 152, even if petitioner had attached the divorce court's order to his 2007 income tax return, that would not have sufficed to entitle him to the deduction because the court order, inter alia, provided only a contingent release of the dependency exemption deduction. See Miller v. Commissioner, supra at 192-193; Thomas v. Commissioner, T.C. Memo. 2010-11. Finally, the fact that during 2009 petitioner received credit from the divorce court for the $2,559 income tax deficiency for 2007 is of no consequence to our consideration of whether petitioner is entitled to claim the minor child as a dependent for 2007.

Section 32 permits an eligible individual an earned income tax credit against that individual's tax liability. An individual without a qualifying child may be eligible for an earned income tax credit subject to specified income limitations. See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000. However, section 32(d) provides that a married individual is entitled to the credit only if a joint return is filed. Petitioner's 2007 income tax return was filed under the status "head of household". He now concedes that his return filing status is married filing separately. Under those circumstances, petitioner is not entitled to claim an earned income tax credit.

To reflect the foregoing and petitioner's concession,

<u>Decision will be entered</u>

<u>for respondent</u>.