T.C. Memo. 2012-356

UNITED STATES TAX COURT

JORGE MARTINEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11984-11.                          Filed December 20, 2012.

Jorge Martinez, pro se.

<u>Timothy R. Berry</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a $3,575 deficiency in petitioner's

Federal income tax for 2008 and a $55.95 addition to tax under section 6651(a)(1).

Respondent has now conceded the addition to tax.  The issue for decision is

whether petitioner is entitled to dependency exemption deductions and a child tax

[*2] credit for two of his sons who resided with his former wife during 2008.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner resided in California when he filed his petition. On or about May 1, 2007, petitioner was divorced from Sylvia R. Martinez (his former spouse). The marital settlement agreement signed by petitioner and by his former spouse provided in relevant part that they would have joint legal custody with shared physical custody of their three sons, born in 1991, 1995, and 1998. The agreement provided in part:

> To the extent allowable under the law, Husband shall have the right to claim any federal and state dependency exemptions and credits for "[names of three minor sons omitted in accordance with Rule 27(a)(3)]" for each tax year, commencing with 2006; in any year in which Wife qualifies for the dependency exemptions, she shall release said exemptions to Husband. Wife will sign and deliver to Husband, before the end of each tax year, IRS Form 8332 or any other form that may be required for him to claim such exemptions and credits. Should Wife fail to sign or deliver any form required, or attempt to claim any exemption or credit allocated to Husband under this provision, she shall indemnify Husband for any additional tax liability, attorneys' fees, and related costs. For purposes of duration and modification, this provision shall be deemed part of the child support orders.

**[*3]** During 2008, petitioner's two younger sons resided with his former spouse, and the oldest son resided with petitioner. Petitioner's oldest son attained the age of 17 in 2008.

On April 14, 2009, petitioner attempted to file his 2008 Federal income tax return, on which he claimed dependency exemption deductions for his three sons and a child tax credit of $1,700 for the two younger sons. The electronic return was rejected, apparently because his former spouse had previously filed a return claiming one of the sons as a dependent. On April 21, 2009, petitioner mailed a paper return that was received by the Internal Revenue Service on April 23, 2009. No Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or other relevant statement was attached to either the electronic version or the paper version of petitioner's return.

OPINION

The Internal Revenue Code allows as a deduction in computing taxable income an exemption for each dependent of a taxpayer. Sec. 151(c). A child of a taxpayer generally qualifies as a dependent if the child shares the same principal place of abode as the taxpayer for more than one-half of the tax year in issue. Sec. 152(a), (c). However, section 152(e)(1) limits the dependency exemption deduction where the child's parents live apart.

**[\*4]**   In the case of divorced or separated parents, special rules determine which parent may claim a dependency exemption deduction for a child.  See sec. 152(e). As relevant to the present case, section 152(e)(2) allows the noncustodial parent to claim a dependency exemption deduction for a child if the custodial parent signs a written declaration releasing her claim to the exemption and the noncustodial parent attaches the declaration to his Federal income tax return.

The declaration required by section 152(e)(2) must be made either on Form 8332 or in a statement conforming to the substance of that form.  See Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  Form 8332 requires a taxpayer to furnish:  (1) the name of each child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year or years for which the claims were released.  See id., 114 T.C. at 190.  "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Petitioner did not attach the required form or a conforming statement to his 2008

**[\*5]** Federal income tax return.  Petitioner is therefore not entitled to the dependency exemption deduction under section 152(e)(2).  <u>See, e.g.</u>, <u>Espinoza v. Commissioner</u>, T.C. Memo. 2011-108; <u>Himes v. Commissioner</u>, T.C. Memo. 2010-97; <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88; <u>Thomas v. Commissioner</u>, T.C. Memo. 2010-11; <u>Walker v. Commissioner</u>, T.C. Memo. 2008-194.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  The term "qualifying child", for purposes of the child tax credit, means a qualifying child as defined in section 152(c) who has not attained age 17.  Sec. 24(c)(1).  Because petitioner did not establish that his sons qualified as dependents under section 152(c) or the exception in section 152(e)(2), he does not satisfy the "qualifying child" requirement for the child tax credit under section 24.  Thus, he is not entitled to the child tax credit claimed with respect to his younger sons.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent for the deficiency and</u>

<u>for petitioner for the addition to tax</u>.